Plasencia v. Gorham                    CV-96-472-SD   02/18/97

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Dale A. Plasencia

        v.                             Civil No. 96-472-SD

Town of Gorham;
William Jackson,
 Town Manager


O R D E R

This action arises from the allegedly wrongful discharge of plaintiff Dale A. Plasencia as the ambulance director for the Town of Gorham.  Plaintiff seeks relief for breach of contract, wrongful discharge, and violation of 42 U.S.C. § 1983.  Now pending is defendants' motion for summary judgment.


Facts

In September 1989, the Town of Gorham hired plaintiff Plasencia as the ambulance director of the town's ambulance department, a full-time position.  The ambulance director reports to the town manager, and is responsible for organizing and supervising a staff of paid volunteers.*  To conclude employment

_____

*The goal of the ambulance department is to provide 24-hour coverage to the town, and it is the ambulance director's duty to

negotiations, the plaintiff and agents of the town signed an employment contract that incorporated by reference terms from the "Town of Gorham Personnel Plan."  The Personnel Plan sets forth various standard procedures to be followed in the event of adverse employment actions by the town manager.

During Plasencia's tenure as ambulance director, the ambulance department failed to respond to some of the emergency calls from residents of the town of Gorham.  Town Manager William Jackson expressed to Plasencia his concern over the missed calls. Jackson arranged a meeting on October 27, 1994, with Plasencia, at which they discussed possible solutions to the problem of missed calls.

In June of 1995, the Gorham ambulance department failed to respond to two medical emergency calls.  In response, Jackson arranged another meeting with Plasencia on June 19, 1995, at which he presented Plasencia the following three options:

> 1.  Resign and get a recommendation from the Town of Gorham.
> 2.  Solve the problem of volunteer staffing by July 19, 1995.  This must be done without causing a rebellion among the volunteers.  If this occurs, your employment will terminate immediately.
> 3.  Do nothing and your employment will terminate on July 19, 1995.

Plasencia resigned without further discussion.

---

ensure that the department strives to reach that goal.

2

Following his resignation, Plasencia publicly criticized Jackson and other town officials in the newspapers, calling them liars, dictators and back-stabbers. Nonetheless, Plasencia was subsequently rehired as a volunteer member of the ambulance department.

Plaintiff brings a four-count complaint. Counts I and III seek recovery against the town and Town Manager Jackson respectively on grounds that Plasencia was fired in bad faith and contrary to public policy. Counts II and IV seek recovery against the town and Jackson respectively for breach of the employment contract. Count IV apparently also seeks recovery against Jackson for tortious interference with the contract. Count V is brought under 42 U.S.C. § 1983 against the town and alleges that the town violated the First Amendment by refusing to rehire plaintiff because he spoke out against town officials.

## Discussion

Defendants seek summary judgment on plaintiff's section 1983 claim, in which he claims his First Amendment rights were violated. The court agrees with defendants that the section 1983 claim fails because Plasencia has not shown that the Town of Gorham restricted, punished, prohibited or otherwise limited his ability to express himself as fully as he desired. As a general

3

rule, "a State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." Connick v. Myers, 461 U.S. 138, 142 (1982). Plaintiff claims that Gorham has refused to rehire him because he publicly cast aspersions on the honesty and integrity of the town manager and the board of selectmen. However, the evidence shows that the town did in fact rehire plaintiff to be a volunteer member of the ambulance services, despite his derogatory statements. Plaintiff goes on to argue that, while the town did rehire him, it did not rehire him for the position of ambulance director. There is, however, no evidence that plaintiff actually reapplied for the position of ambulance director. Since he did not reapply, the town never refused to rehire him for that position, and thus has never denied plaintiff a benefit because he expressed his opinions in the newspapers.

This is not to say that plaintiff could not make out a First Amendment violation unless he presented evidence that he formally reapplied for the position. Defendants could have constructively refused to rehire him by leading him to believe that reapplication would be futile. See Laaman v. Helgemoe, 437 F. Supp. 269, 321 (D.N.H. 1977) (holding that the "very presence of the regulation chills the exercise of plaintiffs' constitutional rights of communication" even though no evidence was presented

4

that the regulation had been enforced). However, the only evidence that reapplication would be futile is Jackson's statement in his deposition that Plasencia would not be eligible for rehire because "he's burned a number of bridges in town with some newspaper articles." Jackson Deposition, attached to Plaintiff's Memo in Support of Objection to Motion for Summary Judgment, Exhibit A-2 at 31. However, Jackson made this statement in response to the purely hypothetical question, "would Mr. Plasencia be eligible to be rehired if he applied for the open position at this time." Id. Jackson was only one on a four-member hiring panel that would make the determination of whether plaintiff would be rehired if he reapplied, so Jackson's opinion in answer to a hypothetical question would not lead Plasencia to believe that reapplication was futile. Plaintiff's First Amendment claim cannot be manufactured from Jackson's answer to a purely hypothetical question asked during a deposition taken in preparation for trial.

The other defect in plaintiff's section 1983 claim is lack of causation. He must show that defendants denied him the benefit of employment as the ambulance director because he expressed himself in the newspapers. But Plasencia spoke out against the town after the town had fired him from the very same position. If he reapplied, the town would not likely hire him

5

for a position from which he had just been fired, regardless of whether or not he made the derogatory statements in the newspapers.

Accordingly, the court finds and rules that plaintiff's section 1983 claim is resolved summarily in favor of defendants.

<u>Conclusion</u>

For the foregoing reasons, defendants' motion for summary judgment (document 5) is granted as to plaintiff's section 1983 claim. Having dismissed all claims over which it has original jurisdiction, the court declines supplemental jurisdiction over the remaining state claims. <u>See</u> 28 U.S.C. § 1367. The absence of subject matter jurisdiction requires the court to remand the case to the Coos County Superior Court. <u>See</u> 28 U.S.C. § 1447. The clerk of court is directed to mail a certified copy of this order to the clerk of the state court, where this case may proceed.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 18, 1997

cc:   Leslie C. Nixon, Esq.
      Mark T. Broth, Esq.